UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD E. BEARD, JR. ) | |
| ) | |
| **Plaintiff,** ) | |
| v.        ) | No.: 20-cv-3046-JBM |
| ) | |
| JOSHUE FINK, et al., ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW -AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, and no longer in custody, has filed a motion for leave to amend his complaint [ECF 17], which is GRANTED. The Court will now undertake a merit review of the amended complaint pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff filed his complaint under 42 U.S.C. § 1983, alleging violations of equal protection, due process, religious exercise and retaliation. Plaintiff names Defendant Parole Agent Joshua Fink, Parole Supervisor Matthew Lukow, the Prisoner Review Board ("PRB"); and Rob Jeffreys, Director of the Illinois Department of Corrections ("IDOC").

1

On November 14, 2019, Plaintiff was released from custody, after serving 17 years on a conviction for aggravated criminal sexual assault. Plaintiff is currently on a term of Mandatory Supervised Release ("MSR"), also known as parole. On November 16, 2019, Defendant Fink went to Plaintiff's residence and advised him as to the conditions of MSR which included no Internet, cell phones or social media use; no religious activities of any kind; and participation in mandatory sex offender treatment. Plaintiff complains as to all of these conditions, most notably, the mandatory treatment. When Plaintiff met with the counselor who was to provide him treatment, he refused to admit to the charge for which he had been convicted, a requirement for treatment to continue. With Defendant Fink present, Plaintiff declared that he would not admit to the charge, as he had been innocent all along. Plaintiff alleges that on December 2, 2019, his fears of retaliation came true as he was arrested for a parole violation, presumably for failing to undergo sex offender treatment.

On January 11, 2020, Defendant Fink arrested Plaintiff for another parole violation, not particularly described. Plaintiff alleges that on both occasions, Defendant Fink purposely "wrote down the wrong date" for the revocation hearing. Plaintiff served a total of 81 days while being held on the two parole violations, with the PRB eventually finding that there was no probable cause for either arrest.

## ANALYSIS

Plaintiff has alleged that the MSR terms violate his constitutional rights, including his First Amendment right to religious exercise. As an initial matter, under *Heck v. Humphrey*, Plaintiff cannot litigate the terms of his MSR in a §1983 action.[1] *Heck* provides, "[w]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in

---

[1] *Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* applies to parole proceedings as "[f]or parolees, the … 'conditions' of parole are the confinement." *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). *See Lacey v. Unknown Parole Agent*, No.12-9406, 2012 WL 6217529, at *2 (N.D. Ill. Dec. 12, 2012) (an individual who has been released from prison on MSR is still considered to be in IDOC custody as "the time during which he can be legally detained does not expire until the term of MSR expires.") (internal citation omitted). Here, Plaintiff attempts to contest the terms of his confinement without asserting that the underlying conviction has been expunged or otherwise invalidated. He is *Heck*-barred from so doing.

      Plaintiff also asserts a retaliation claim based on Defendant Fink arresting him for two alleged parole violations, and purposefully writing down the wrong dates for the parole revocation hearings. To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Here, Plaintiff does not identify any protected speech for which he suffered retaliation. This is so, as the refusal to comply with conditions of MSR is not protected First Amendment activity. Furthermore, as treatment was one of the conditions of MSR, it would appear that Defendant Fink would have cited Plaintiff, regardless of retaliatory motive . *See Spiegla v. Hull,* 371 F.3d 928, 942 (7th Cir. 2004) (if the same action would have occurred regardless of the retaliatory motive, the claim fails).

      Plaintiff also alleges that Defendant Fink violated his due process when he intentionally wrote down the wrong dates for the two parole revocation hearings. Plaintiff appears to allege

that he spent 81 days in custody on the two charges with the inference that, had the "correct" dates been written, his period in custody would have been shorter.

The Illinois Administrative Code provides at ch. 20, § 1610.140 (b)(3) that "preliminary hearing shall be held within 10 days of the parolee's apprehension unless continued by the hearing officer for up to an additional two weeks to permit the production of witnesses or materials relevant to the hearing." *See U.S. Gov't ex rel. Evans v. Johnson*, 07 C 1942, 2008 WL 4542240, at *1 (N.D. Ill. May 28, 2008) citing *Morrissey v. Brewer,* 408 U.S. 471, 485, 490, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) which required "preliminary hearing to take place 'as promptly as convenient after arrest,' but refusing to impose a strict time limit". Here, Plaintiff does not allege that it was Defendant Fink who scheduled the PRB hearings or reveal how long he was held prior to those hearings. This claim is DISMISSED, though Plaintiff will be given an opportunity to replead with more detail

Plaintiff, further, makes a bare claim that his equal protection rights were violated. He does not allege, however, that he was treated differently from other similarly situated individuals or that he was singled out for unfair treatment. *Abcarian v. McDonald,* 617 F.3d 931, 938 (7th Cir.2010), "The Equal Protection Clause of the Fourteenth Amendment most typically reaches state action that treats a person poorly because of the person's race or other suspect classification… A class-of-one claim need not allege discrimination based on a suspect classification, but must allege that the plaintiff was singled out arbitrarily, without rational basis, for unfair treatment." Plaintiff's Equal Protection claim is DISMISSED.

In addition to Defendant Fink, Plaintiff names Parole Supervisor Lukow, the PRB and IDOC Director Jeffreys.  hese claims appear to be premised on the doctrine of *respondeat superior* (supervisor liability), which does not apply to actions filed under 42 USC §1983.

*Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville,* 266 F.3d at 740). Plaintiff fails to plead such allegations and these Defendants are DISMISSED.

The PRB is dismissed for the additional reason that it is not a "person" amendable to suit under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (state agencies are not "persons" that may be sued under § 1983); *Gonzales v. Madigan*, No.16 -7915, 2017 WL 977007, at *4 (N.D. Ill. Mar. 14, 2017) (the PRB is not a "person" for purposes of § 1983). Furthermore, as state agencies, the PRB and IDOC enjoy the State's Eleventh Amendment immunity from suit. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars federal court suit for money damages against Department of Corrections); *Gonzales v. Madigan*, No.16- 7915, 2017 WL 3978703, at *10 (N.D. Ill. Sept. 11, 2017) (applying Eleventh Amendment immunity to PRB).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion for leave to amend [17] is GRANTED. The Clerk is directed to file the amended complaint.

2. Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a final opportunity, within 30 days, to file a second amended complaint. Plaintiff's second amended complaint will replace

all prior complaints and must contain all of his claims without reference to a prior pleading. Plaintiff is not to plead any *Heck*-barred claims unless his conviction has been overturned or invalidated. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Defendants Lukow, Jeffreys and the PRB are DISMISSED with prejudice.


 10/26/2020                                                                  s/Joe Billy McDade  
ENTERED                                                         JOE BILLY McDADE  
                                                             UNITED STATES DISTRICT JUDGE