UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD E. BEARD, JR.** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 20-cv-3046-JBM |
| | ) |
| **JOSHUE FINK, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW –THIRD AMENDED COMPLAINT

Plaintiff, a former prisoner, proceeding *pro se*, files a third amended complaint asserting violations of the Eighth Amendment and Fourteenth Amendment Due Process and Equal Protection. The third amended complaint is now before the Court for a threshold review pursuant to 28 U.S.C. § 1915A. In reviewing the third amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's fourth attempt at pleading is confusingly and incompletely pled, despite the Court's three prior merit review orders in which it provided instructions and guidance. Plaintiff is currently serving a term of mandatory supervised release ("MSR"), also known as parole, after having been released from confinement. Plaintiff claims without adequate explanation that his parole agent Defendant Fink, violated his constitutional rights by "not marking the correct

1

boxes…" presumably on a parole revocation report. As a result, the Prisoner Review Board ("PRB") did not convene a revocation hearing within 10 days, though it later dismissed the charges for lack of probable cause.

Plaintiff does not reveal when the hearing was held but claims that the delay attributable to Defendant Fink caused him to be held longer than would otherwise have been necessary. Plaintiff does not complain of the conditions in detention or claim physical injury, but nonetheless asserts that the lengthened period of detention caused him to suffer psychological and emotional injury. Plaintiff also alleges, without pleading facts in support, that Defendant Funk has threatened him with "continued persecution." Plaintiff requests money damages; that he be assigned a new parole officer; and that all terms of parole, also known as Mandatory Supervised Release ("MSR"), be lifted.

## ANALYSIS

Here, Plaintiff claims that Defendant purposefully marked the wrong box on a form or report, causing his hearing to be delayed and his pre-hearing detention to be extended. Plaintiff alleges that in doing so, Defendant deprived him of due process, violated his equal protection rights and exhibited deliberate indifference. It is well established that a prisoner is entitled to due process where there is a protected liberty or property interest at stake. *Domka v. Portage County*, 523 F.3d 776, 779–80 (7th Cir. 2008). Here, however, Plaintiff pleads only that his pre-hearing detention was extended, without pleading atypical hardship so as to implicate a protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995). If there is no constitutional right at issue, there is no due process requirement. *Brokaw v. Mercer Co.,* 235 F.3d 1000, 1020 (7th Cir. 2000).

Plaintiff also fails to plead an equal protection claim as he does not allege that he is a member of a suspect class treated differently from other similarly situated individuals; or that he was unreasonably singled out for unfair treatment. *See Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010). Plaintiff's prior equal protection claim was dismissed for this very reason and Plaintiff has repled it without appropriate change, one more failing to identify a sufficient factual basis for the claim.

Plaintiff, further, cannot state an Eighth Amendment deliberate indifference claim for mental or emotional damages where he has not alleged a physical injury. *See Zehner v. Trigg*, 133 F.3d 459, 460 (7th Cir. 1997) (a plaintiff cannot recover for mental or emotional injury without showing a "physical injury as required by Section 803(d) of the Prison Litigation Reform Act ('PLRA'), codified as 42 U.S.C. § 1997e(e)."

There is an additional impediment as Plaintiff's request that his parole terms be extinguished runs afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* prohibits a prisoner obtaining money damages in a § 1983 suit where a judgment in [his] favor "would necessarily imply the invalidity of his conviction or sentence." *Heck,* 512 U.S. at 487. This is so, unless "the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. The *Heck*-bar applies to parole proceedings as "[f]or parolees, the … 'conditions' of parole are the confinement." *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). *See Lacey v. Unknown Parole Agent*, No.12-9406, 2012 WL 6217529, at *2 (N.D. Ill. Dec. 12, 2012) (an individual who has been released from prison on MSR is still considered to be in IDOC custody as "the time during which he can be legally detained does not expire until the term of MSR expires.") (internal citation omitted).

A challenge to conditions of MSR is considered a challenge to the sentence and is not allowed under *Heck*. *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). Plaintiff was previously advised of this but, undaunted, repleads it without advancing any argument as to why *Heck* should not apply.

In his complaint, Plaintiff requests that *pro bono* counsel be recruited to represent him. Plaintiff does not offer any facts to support the need for counsel and does not assert that he made any attempts to secure counsel on his own during the time he was released from confinement. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff's third amended complaint is dismissed, and no further amendments will be allowed. This is so, as a court is not required to allow a plaintiff to replead after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also, Stanard v Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) (affirming dismissal with prejudice after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 151 F.3d 1033 at *2 (7th Cir. 1998) (affirming dismissal with prejudice of third amended complaint where plaintiff had not cured deficiencies identified in previous complaints).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A and failure to follow the Court's Orders pursuant to Fed. R. Civ. P. 41. This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

| | |
|---|---|
| _10/15/2021_<br>ENTERED | _s/Joe Billy McDade_<br>JOE BILLY McDADE<br>UNITED STATES DISTRICT JUDGE |